```
UNITED STATES BANKRUPTCY COURT              FOR PUBLICATION
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
In re:                        :
                              :
GLOBE METALLURGICAL, INC.,    :             Chapter 11
                              :             Case No. 03-12006(SMB)
          Debtor.             :
------------------------------X
MORTON C. BATT, Creditor      :
Trustee,                      :
                              :
          Plaintiff,          :
                              :             Adv. Proc. No. 05-1350
     -- against --            :
                              :
AMERICAN COMPRESSED STEEL     :
CORP.,                        :
                              :
          Defendant.          :
------------------------------X
```

## OPINION DENYING DEFENDANT'S MOTION
## TO VACATE THE CLERK'S ENTRY OF DEFAULT

**A P P E A R A N C E S**

ALSTON & BIRD LLP
Attorneys for Plaintiff
90 Park Avenue
New York, New York 10016

    Paul H. Silverman, Esq.
    Shane Cargo, Esq.
       Of Counsel


CARTER LEDYARD & MILBURN LLP
Attorneys for Defendant
2 Wall Street
New York, New York 10005

    James Gadsden, Esq.
    Karl Schaffer, Esq.
       Of Counsel


**STUART M. BERNSTEIN**
**Chief United States Bankruptcy Judge**

Although the preference is to resolve disputes on the merits, this case sorely tests that principle. The defendant, American Compressed Steel Corporation ("American"), moves pursuant to FED. R. CIV. P. 55(c) to vacate the default entered by the Clerk of the Court after it failed to move or answer the complaint within the allotted time. While the default was neither willful nor prejudicial, American has failed, despite two chances, to show a meritorious defense to this adversary complaint. Because there are no merits to resolve, the motion is denied.

**BACKGROUND**

Starting in 1989, the debtor, Globe Metallurgical Inc. ("Globe") purchased scrap short shoveling turnings from American. (Unsworn Declaration [of Bruce Post] Pursuant to 28 U.S.C. § 1746, dated May 20, 2005 ("Post Declaration"), at ¶¶ 3, 5)(ECF Doc. # 9.) On March 5, 2003, Globe made two payments to American, aggregating $51,872.72 (the "Payments"), in connection with such purchases. (Complaint, Ex. A)(ECF Doc. # 1.) Globe subsequently filed a chapter 11 petition on April 2, 2003.

The plaintiff, the creditor representative appointed under Globe's confirmed plan, commenced this preference proceeding to avoid and recover the Payments on March 30, 2005. He caused the

2

summons and complaint to be mailed the next day, (see Certificate of Service, dated Mar. 31, 2005)(ECF Doc. # 3), and the answer (or motion) was due April 29, 2005.  (See Summons and Notice of Pretrial Conference and Adversary Proceeding, dated Mar. 30, 2005)(ECF Doc. # 2.)  American failed to respond to the complaint, and on May 4, 2005, the plaintiff applied for the entry of default pursuant to FED. R. CIV. P. 55(a).  (see Request To Enter Default, dated May 4, 2005)(ECF Doc. # 4.)  The Clerk entered the default the next day.  (Entry of Default, dated May 5, 2005)(ECF Doc. # 5.)

American received the Entry of Default on May 9, 2005, retained Carter Ledyard & Milburn LLP, one day later, (Unsworn Declaration [of Larry Byer] Pursuant to 28 U.S.C. § 1746, dated May 20, 2005 ("Byer Declaration"), at ¶5)(ECF Doc. # 8), and moved to vacate the default on May 23, 2005.  American explained the reason for the default, (see Byer Declaration, at ¶¶ 3-5), and did not contest the allegations of the plaintiff's direct case, but argued that it had an "ordinary course of business defense" under 11 U.S.C. § 547(c)(2).[1]  (Motion of American Compressed Steel Corp. To

---

[1]    Section 547(c)(2) states:

The trustee may not avoid under this section a transfer . . . to the extent that such transfer was - (A) in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee; (B) made in the ordinary course of business or financial affairs of the debtor and the transferee; and (C) made according to ordinary business terms.

3

Vacate Entry of Default, dated May 23, 2005 ("American Motion"), at ¶ 15) (ECF Doc. # 6.)

American's papers offered little proof in support of the defense. Bruce Post, an American employee, submitted a declaration that implied that the payments related to the parties' usual transactions involving the sale of specially designed scrap short shoveling turnings. (Post Declaration, at ¶ 3.) Beyond that, he parroted the requirements § 547(c)(2) and asserted:

> The Transfers were made on account of a debt incurred in a manner consistent with American's course of business with the Debtor, were made in a manner consistent with American's course of business with the Debtor and were made according to terms that are standard in the scrap steel processing and brokerage industry.

(Id., at ¶ 4.) American also hinted at a possible "subsequent new value" defense under 11 U.S.C. 547(c)(4). (American Motion, at ¶ 16 n.2.)

The plaintiff opposed the motion, and supplied evidence, through his accountant Robert N. Snyder, Jr., that undercut the two defenses. According to Snyder, American's invoices required payment within sixty days. Between April 1, 2001 and December 31, 2002, Globe paid, on average, within fifty-two days, or about one week early.[2] In contrast, during the preference period, Globe

---

[2] Snyder referred to an annexed schedule, but none was annexed to his Declaration.

paid, on average, 121 days after the date of the invoice. (Declaration of Robert N. Snyder, Jr., dated June 6, 2005 ("Snyder Declaration"), at ¶ 5)(ECF Doc. # 13.)

In addition, although American had shipped $327,026.78 in goods to Globe after the Payments and before the petition date, (Post Declaration, at ¶ 5), the last unpaid invoice was dated January 6, 2003. (Snyder Declaration, ¶7.) Moreover, American's proof of claim indirectly confirmed that it had received payment for all of the subsequent new value shipped to Globe. The claim stated that Globe's unpaid debt in the sum of $610,664.18 was incurred during November and December 2002. (Declaration of Shane Cargo, dated June 6, 2005, Ex. B.)

The Court heard oral argument on June 9, 2005. Focusing on the Post Declaration, I indicated that American's proof of a "meritorious defense" was conclusory and insufficient. American was offered two weeks to supplement its submission and provide evidence of its "ordinary course of business defense." Although American accepted the offer, it never supplemented its motion.

5

**DISCUSSION**

Rule 55(c) of the Federal Rules of Civil Procedure allows a court to set aside the entry of default for "good cause shown."[3] Rule 55(c) incorporates FED. R. CIV. P. 60(b), which permits a court to grant relief from a judgment or order based on mistake, inadvertence, surprise or excusable neglect. The decision to grant or deny relief depends on three factors: (1) whether the default was willful, (2) whether vacating the default will cause prejudice to the nondefaulting party and (3) whether a meritorious defense has been presented. In re Chalasani, 92 F.3d 1300, 1307 (2d Cir. 1996); Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993); Marziliano v. Heckler, 728 F.2d 151, 156 (2d Cir. 1984). The motion is committed to the sound discretion of the trial court, Enron Oil Corp., 10 F.3d at 95; Marziliano, 728 F.2d at 156, and the burden of proof rests with the defaulting party. In re Martin-Trigona, 763 F.2d 503, 505 n.2 (2d Cir. 1985); Artmatic USA Cosmetics v. Maybelline Co., 906 F. Supp. 850, 853-54 (E.D.N.Y. 1995).

---

[3]   Rule 55(c) states:

For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

Rule 55(c) is made applicable to this adversary proceeding by FED. R. BANKR. P. 7055.

6

On the one hand, defaults are disfavored, and doubts must be exercised in favor of the defaulting party. Enron Oil Corp., 10 F.3d at 96. On the other hand, there is a "competing interest in maintaining an orderly efficient judicial system in which default is a useful weapon for enforcing compliance with the rules of procedure." Sony Corp. v. Elm Street Electronics, Inc., 800 F.2d 317, 320 (2d Cir. 1986)(internal quotation marks omitted).

**A.   Willfulness**

"Willfulness" refers to conduct that is deliberate, see Gucci Am., Inc. v. Gold Center Jewelry, 158 F.3d 631, 635 (2d Cir. 1998) cert. denied, 525 U.S. 1106 (1999), as opposed to negligent or careless. SEC v. McNulty, 137 F.3d 732, 738 (2d Cir.), cert. denied, 525 U.S. 931 (1998); American Alliance Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 61 (2d Cir. 1996). The evidence demonstrates that American did not default deliberately, and always intended to defend the proceeding. Byer received the summons and complaint on or about April 5, 2005, (Byer Declaration, at ¶ 2), and immediately forwarded the papers to American's attorney, Joel S. Brant Esq., to do what needed to be done. (Id., at ¶¶ 3-4.) Byer thought no further about the matter until he received a copy of the Entry of Default. He then contacted Brant, and learned that Brant never received the summons and complaint. American hired Carter Ledyard the next day, and this motion followed less than two weeks later.

7

(Id., at ¶ 5.)

**B.    Prejudice**

Legal prejudice occurs when the non-defaulting party's ability to proceed with its case has been impaired. See MacEwen Petroleum, Inc. v. Tarbell, 173 F.R.D. 36, 40 (N.D.N.Y. 1997), appeal dismissed, 136 F.3d 263 (2d Cir. 1998). Delay alone does not constitute prejudice. Enron Oil Corp., 10 F.3d at 98. Rather, the delay must "result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983)(internal quotation marks omitted).

Here, the plaintiff sought the entry of default, and the clerk entered the default, only a few days after the answer was due. American made the pending motion less than three weeks later. No evidence was lost or compromised as a result of the delay. The plaintiff may be inconvenienced if he has to prosecute this adversary proceeding, but there is no evidence of legal prejudice.

**C.    Meritorious Defense**

Although the movant need not establish a meritorious defense conclusively, it "must present evidence of facts that, if proven at trial, would constitute a complete defense." SEC v. McNulty, 137

8

F.3d at 740 (internal quotation marks omitted); accord Sony Corp., 800 F.2d at 320-21.  Conclusory denials or statements, lacking factual support, are insufficient.  See Pecarsky v. Galaxiworld.com, Ltd., 249 F.3d 167, 173 (2d Cir. 2001); Enron Oil Corp., 10 F.3d at 98; Sony Corp., 800 F.2d at 320.

American's motion foundered on this requirement.  Although it offered evidence that the underlying debts were incurred in the ordinary course of the debtor's business, as required by § 547(c)(2)(A), it failed to offer facts supporting the other two prongs of § 547(c)(2) – that the debts were paid in the ordinary course of the parties' business or financial affairs, see § 547(c)(2)(B), or that they were paid according to ordinary business terms.  See § 547(c)(2)(C).[4]  Instead, Post stated, in conclusory fashion, that the payments were made "in a manner consistent with American's course of business with the Debtor," and "were made according to terms that are standard in the scrap steel processing and brokerage industry."  (Post Declaration, at ¶ 4.)

During oral argument, I warned American that I viewed its "proof" to be insufficient, and gave it another shot to bolster its "meritorious defense."  American passed up the chance, perhaps

---

[4] The last requirement refers to the range of practices within the defendant's industry.  In re Roblin Indus., Inc., 78 F.3d 30, 39-40 (2d Cir. 1996); In re Tolona Pizza Prods. Corp., 3 F.3d 1029, 1033 (7th Cir. 1993).

9

because it could not provide the missing evidence. Snyder had supplied compelling evidence that the payments at issue were wildly late compared to the parties' prior payment practices, and also confirmed that no later invoice went unpaid.

Although the absence of willfulness or prejudice weighs in favor of vacating the default, the failure to show a meritorious defense compels the opposite result. The lack of a meritorious defense is a sufficient reason to deny a motion to vacate a default. See Sony Corp., 800 F.2d at 320 ("good cause" not shown where defaulting party "failed to demonstrate that it possessed a meritorious defense"). American never contested the plaintiff's affirmative case, and failed to support its "ordinary course of business defense," despite two chances and a pointed warning from the bench during oral argument.

The absence of any defense outweighs the strong preference for resolving disputes on the merits because there is nothing to resolve. American's conclusory opposition failed to identify facts which, if proven, might entitle it to prevail on its "ordinary course" defense. Vacating the default would serve no purpose except to force the plaintiff to move for summary judgment. Since American cannot show a meritorious defense, it will not be able to provide the evidence necessary to defeat that motion. Accordingly,

10

American's motion is denied, and the Court will enter an order consistent with this opinion.

Dated: New York, New York
       July 8, 2005

>                     /s/ *Stuart M. Bernstein*
>                    STUART M. BERNSTEIN
>            Chief United States Bankruptcy Judge